[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1582

 EDGARDO MULERO SANTANA,

 Petitioner,

 v.

 ZOE LABOY, ADMINISTRATOR OF THE
 PUERTO RICO DEPARTMENT OF CORRECTIONS,

 Respondent.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Raymond L. Acosta, Senior U.S. District Judge]

 Before

 Selya, Circuit Judge,
 Cyr, Senior Circuit Judge,
 and Lipez, Circuit Judge.

 Teodoro Mendez Lebron on brief for petitioner.
 Gustavo A. Gelpi, Acting Solicitor General, Edda Serrano
Blasini, Deputy Solicitor General, and Leticia Casalduc Rabell,
Assistant Solicitor General, on brief for respondent.

December 8, 1999

 Per Curiam. Edgardo Mulero Santana ("Mulero") appeals
from a dismissal of his habeas petition for failure to exhaust
state remedies. We affirm the dismissal on an alternative
basis.
 Mulero was convicted of unlawful appropriation before
a Puerto Rico superior court. He contends that the
Commonwealth court lacked jurisdiction to try him because,
inter alia, the crime occurred in a federal post office. 
Mulero raised the jurisdictional issue before the trial court,
which rejected it. He raised the issue, again, before the
intermediate appellate court, which also rejected it. Finally,
he raised the issue in a petition for certiorari filed with the
Commonwealth's highest court. That court denied the petition
on the procedural ground that Mulero failed to attach certain
copies of certain portions of the record, as required by local
rule. Mulero sought reconsideration indicating that the
failure to comply with the local rule was due to attorney
error. The motion for reconsideration was denied. 
 Mulero argues that he has exhausted his state
remedies. Specifically, he contends that although a collateral
attack is technically available, further proceedings would be
futile since the state courts have already resolved his claim
against him. See Brown v. Allen, 344 U.S. 443, 447 (1953)
(holding that a prisoner does not have "to ask the state for
collateral relief, based on the same evidence and issues
already decided by direct review"). Although it argued non-
exhaustion below, the Commonwealth now switches gears. It
argues that Mulero has exhausted state remedies but that his
claim is procedurally defaulted.
 We are persuaded that Mulero has exhausted his claim. 
However, this conclusion gains him little since the
"independent and adequate state ground doctrine" applies "to
bar federal habeas when a state court declined to address a
prisoner's federal claims because the prisoner had failed to
meet a state procedural requirement." Coleman v. Thompson, 501
U.S. 722, 729-30 (1991). The bar obtains unless there is
"cause for the default and actual prejudice" or "failure to
consider the claim[] will result in a fundamental miscarriage
of justice." Id. at 750. "[A] 'fundamental miscarriage of
justice' is defined as an 'extraordinary instance[] when a
constitutional violation probably has caused the conviction of
one innocent of the crime." United States v. Barrett, 178 F.3d
34, 48 (1st Cir. 1999) (quoting McCleskey v. Zant, 499 U.S. 467,
494 (1991)).
 In the instant case, we conclude that the independent
and adequate state ground doctrine applies, and that Mulero is
procedurally barred from raising his claim in federal habeas. 
The Puerto Rico Supreme Court unambiguously rested its denial
of Mulero's certiorari petition on a procedural ground. Mulero
conceded in the Commonwealth court that the Puerto Rico Supreme
Court has been consistent in requiring strict compliance with
its rules. Attorney error cannot be "cause" for excusing the
procedural default, since there is no federal constitutional
right to counsel on a discretionary appeal to a state supreme
court. See Coleman, 501 U.S. at 753-57; Ross v. Moffit, 417
U.S. 600 (1974). Finally, there is no fundamental miscarriage
of justice in holding Mulero to the procedural default since
the claimed error does not relate to guilt or innocence.
 For the foregoing reasons, we affirm the dismissal. 
See Loc. R. 27(c). In light of our reasoning, the judgment
should be modified to reflect that the dismissal is with
prejudice. 
 Affirmed as modified.